UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAREN WATSON and CYRIL LEWIS,
on behalf of themselves and all others similarly
situated,

        Plaintiffs,

-against-

VISIONPRO COMMUNICATIONS CORP.,
VISIONPRO CORP., KEVIN SILVAR and
JOSEPH ROMANO,
        Defendants.
------------------------------------------------------------X

MEMORANDUM AND ORDER

CV-13-0684

(Wexler, J.)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y
★ SEP 02 2015 ★
LONG ISLAND OFFICE

APPEARANCES:

 FRANK & ASSOCIATES, P.C.
 BY: Peter A. Romero, Esq.
 500 Bi-Country Boulevard, 112N
 Farmingdale, New York 11735
 Attorneys for Plaintiffs

 KAUFMAN DOLOWICH & VOLUCK, LLP
 BY: Jeffrey A. Meyer, Esq.
   Sanjay V. Nair, Esq.
 135 Crossways Park Drive, Suite 201
 Woodbury, New York 11797
 Attorneys for Defendants

WEXLER, District Judge:

  In this action claiming violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), Plaintiffs Daren Watson ("Watson") and Cyril Lewis ("Lewis") (collectively, "Plaintiffs') move for class certification under Rule 23 of the Federal Rules of Civil Procedure ("Fed. R. Civ. Proc.") of their New York state law claims. Also before the Court is the motion of Defendants VisionPro Communications Corp., VisionPro Corp., Kevin Silvar and Joseph Romano ("Defendants") seeking summary judgment pursuant to Rule 56 of the Fed. R. Civ. Proc. For the reasons that follow, the Court directs a hearing be held to resolve the factual

disputes on bases for the Rule 23 class certification motion, and finds that issues of fact preclude granting summary judgment on Plaintiffs' claims.

BACKGROUND

A brief factual background, as stated in the Amended Complaint and the parties' Local Rule 56.1 Statements, is as follows: Plaintiffs are cable installers/technicians employed by Defendants to provide installation and services for Cablevision Systems Corporation's customers at their homes and commercial locations. According to Plaintiffs, they were compensated on "piece-rate" basis, paid according to the task or service performed, regardless of the amount of time required. According to Defendants, Plaintiffs were paid a commission, or a percentage of the amount paid by Cablevision to VisionPro for that service, which percentage was based on the service performed and the skill level of the technician providing the service. Defendants further state that they provided a "Minimum Commission Payment Period" to ensure if the commission earned was too low on a given week, the worker would receive a minimum of $8.10 per hour for all hours worked up to 40, and $12.15 per hour for all hours worked over 40 in a week. Romana Declaration ("Romano Dec."), at ¶¶ 7-21.

Each technician recorded the hours he worked each day, and Plaintiffs claim they worked additional unreported hours with Defendants' knowledge. Also, it is undisputed that a technician's credits for compensation were reduced if the technician received a parking ticket or other moving violation, or lost any tools or equipment, which Plaintiffs claim are deductions unlawful under NYLL. Plaintiffs also assert their compensation was subject to additional unlawful deductions since Plaintiffs were required to fuel the vehicles with their own money and were never properly reimbursed.

DISCUSSION

I. Plaintiffs' Motion for Rule 23 Class Certification

    A. Legal Principles

A class action is "'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541, 2550, 180 L.Ed.2d 374 (2011) (quoting Califano v. Yamasaki, 442 U.S. 682, 700–701, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979). To justify departure from that general rule, the class representative must "'possess the same interest and suffer the same injury' as the class members." Dukes, 131 S.Ct. at 2550 (quoting East Tex. Motor Freight System, Inc. v. Rodriguez, 431 U.S. 395, 403, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977))(other citations omitted).

Rule 23 does not articulate a pleading standard. Dukes, 131 S.Ct. at 2551. A party making a motion for certification under Rule 23 "must affirmatively demonstrate ... compliance with the Rule" and that there are "*in fact* sufficiently numerous parties, common questions of law or fact, etc.[,]" which may require the district court to "probe behind the pleadings." Id. (citing General Telephone of Southwest v. Falcon, 457 U.S. 147, 160, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982) (emphasis in original). Certification is only proper if the district court "is satisfied, after a rigorous analysis, that the prerequisites of Rule 23 have been satisfied." Id. (citations omitted); see also St. Stephen's School v. PricewaterhouseCoopers Accountants N.V., 570 Fed.Appx. 37, 39 (2d Cir. 2014) (quoting Dukes, 131 S.Ct. at 2551) (other citations omitted); Cuevas v. Citizens Financial Group, Inc., 526 Fed.Appx. 19 (2d Cir. 2013).

Rule 23(a) requires that a party seeking certification prove each of the listed elements, namely, that the proposed class action "(1) be sufficiently numerous, (2) involve questions of law

-3-

or fact common to the class, (3) involve class plaintiffs whose claims are typical of those of the class, and (4) involve a class representative or representatives who adequately represent the interests of the class." Myers, 624 F3d at 547; Rule 23(a). Once the elements of Rule 23(a) have been satisfied, Rule 23(b)(3) requires that the party seeking certification must show that "questions of law or fact common to class members predominate over any questions affecting only individual members" and that class treatment would be superior to individual litigation. See Rule 23(b)(3); Myers, 624 F.3d at 547.

B. Disposition of the Motion

Plaintiffs seek class certification of their claims under NYLL, alleging Defendants' unlawful practice of making deductions for parking tickets or other moving violations, for lost equipment, or for fueling the vehicles Plaintiffs used for work, created claims that are "common" and "typical" of the proposed class. See Plaintiffs' Memorandum of Law In Support, at 5-7. Yet, upon review of the parties' submissions, the Court finds questions of fact exist regarding whether the putative class members have suffered the same deductions allegedly in violation of NYLL in a way that is "common" or "typical" to these Plaintiffs, and also whether such claims "predominate over questions affecting only individual members."

It is "beyond dispute that a district court may not grant class certification without making a determination that all of the Rule 23 requirements are met," which may include resolving some underlying factual disputes. See Miles v. Merrill Lynch & Co. (In re Initial Pub. Offerings Sec. Litig.), 471 F.3d 24, 40-41 (2d Cir. 2006); Shahriar v. Smith & Wollensky Restaurant Group, Inc., 659 F.3d 234, 251 (2d Cir. 2011) (court must receive enough evidence to be satisfied the requirements of Rule 23 have been met): see also Jacob v. Duane Reade, Inc., 602 Fed.Appx. 3,

6 (2d Cir. 2015). Therefore, the Court directs that an evidentiary hearing be held on whether the requirements of Rule 23 have been met.[1] Such hearing shall be held on October 13, 2015 at 9:30am, and the Court denies Plaintiffs' motion for class certification without prejudice to renew following that hearing.

II. Defendants' Motion for Summary Judgment

A. Legal Principles

The standards for summary judgment are well settled. Rule 56(a) of the Fed. R. Civ. Proc. states that summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a), Fed. R. Civ. Proc.; Mihalik v. Credit Agricole Cheuvreux North America, Inc., 2013 WL 1776643 (2d Cir. 2013). The moving party bears the burden of showing entitlement to summary judgment. See Huminski v. Corsones, 396 F.3d 53, 69 (2d Cir. 2005). In the context of a Rule 56 motion, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 122 (2d Cir. 2004).

B. Disposition of the Motion

Defendants assert they are entitled to summary judgment on Plaintiff's overtime claims since Plaintiffs are exempt from overtime requirements under federal law 29 U.S.C. § 207(i) and New York law under 12 NYCRR 142-2.2. Those sections apply if the employee: (1) receives a regular rate of pay that exceeds one and one-half times the minimum hourly rate; (2) more than

---

[1] The Court notes that Defendants appear to concede that numerosity has been satisifed.

half of the compensation is commission on goods or services; and (3) the employer is a retail or service establishment. 29 U.S.C. § 207(i). Alternatively, Defendants argue that even if Plaintiffs were not exempt, they were paid properly for any hours worked over forty a week.

The Court has reviewed the parties' submissions and finds that various questions of fact exist that preclude summary judgment, particularly whether Plaintiffs meet the exemption requirements outlined above. For example, there is a question of fact as to whether Plaintiffs were paid a regular rate of pay that exceeds one and one-half times the minimum wage for all hours worked. Plaintiff argues that he and other workers in his position regularly worked unreported hours, with the knowledge of Defendants. Other issues of fact include whether, even if Plaintiffs were not exempt, they were properly compensated, since there is a dispute on whether Defendants properly included all compensation received, including commissions, in determining each Plaintiffs' regular rate of pay. Thus, summary judgment on Plaintiffs' overtime claims is denied.

Summary judgment is also denied on Plaintiff Watson's retaliation claim, which alleges that he was terminated days after filing this lawsuit. A factual dispute exists regarding whether the Defendants were aware of his lawsuit before he was terminated, and whether the proffered reasons for the termination are a pretext. Similarly, there are factual questions concerning the manner in which Defendants made deductions from Plaintiffs' pay and whether they were lawful, and whether Defendants provided notice as required under NYLL. Accordingly, Defendants' motion for summary judgment on those claims is also denied. See Fed. R. Civ. P. 56(c) (a party seeking summary judgment must demonstrate that "there is no genuine issue of any material fact and that the moving party is entitled to a judgment as a matter of law"); Celotex Corp. v. Catrett,

477 U.S. 317, 322 (1986); Reiseck v. Universal Communications of Miami, Inc., 591 F.3d 101, 104 (2d Cir. 2010).

## CONCLUSION

For the reasons stated above, the Court denies Plaintiffs' motion for Rule 23 class certification without prejudice to renew following a hearing on the factual basis for such a motion, to be held on October 13, 2015 at 9:30am. The Court also denies Defendants' motion for summary judgment in its entirety. Counsel are advised that jury selection shall be held on January 11, 2015 at 9:30am.

SO ORDERED.

                                                  s/ Leonard D. Wexler
                                                  LEONARD D. WEXLER
                                                  UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       September 2, 2015